# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| TRACY HOWARD BESSELAAR, | ) | |
| AIS #00135043, | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:21-00290-JB-N |
| | ) | |
| REOSHA BUTLER, *Warden III*, | ) | |
| *G. K. Fountain Correctional* | ) | |
|  *Facility*, | ) | |
|     Respondent. | ) | |

## REPORT AND RECOMMENDATION

Petitioner Tracy Howard Besselaar, an Alabama prisoner incarcerated at G. K. Fountain Correctional Facility in Atmore, Alabama, and proceeding without counsel (*pro se*), initiated this case on May 3, 2021, by filing a habeas petition under 28 U.S.C. § 2254 attacking his 2019 state parole revocation (Doc. 1). The petition was filed with the U.S. District Court for the Middle District of Alabama, which subsequently transferred it here under 28 U.S.C. § 1631 (*see* Docs. 2, 4), resulting in the opening of the above-titled and -numbered action. The assigned District Judge has referred the petition to the undersigned Magistrate Judge for appropriate action. *See* S.D. Ala. GenLR 72(b); (6/29/2021 electronic reference). Under S.D. Ala. GenLR 72(a)(2)(R), the undersigned is authorized to require responses, issue orders to show cause and any other orders necessary to develop a complete record, and to prepare a report and recommendation to the District Judge as to appropriate disposition of the petition, in accordance with 28 U.S.C. § 636(b)(1) and Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts.

After conducting preliminary review of Besselaar's petition in accordance with Rule 4 of the Rules Governing Section 2254 Cases, the undersigned ordered that the petition be served on the Respondent for an answer under Rule 5 of the Rules Governing Section 2254 Cases, or some other appropriate response. (*See* Doc. 9). The Respondent has since filed a "Suggestion of Death and Resulting Abatement of Action" indicating that Besselaar died on July 19, 2021. (Doc. 11).[1] The Respondent requests that this action therefore "be abated or dismissed." (Doc. 11, PageID.19).

"The death of the habeas petitioner renders a habeas action moot." *Bruno v. Sec'y, Fla. Dep't of Corr.*, 700 F.3d 445 (11th Cir. 2012) (per curiam). *Accord, e.g.*, *Knapp v. Baker*, 509 F.2d 922, 922 (5th Cir. 1975) (per curiam) ("This case involves an appeal from the federal district court's order granting a writ of habeas corpus from a Texas state conviction. We heard oral argument on the appeal and the matter was submitted for our decision. However, petitioner Walter Knapp died on December 20, 1974. This case is therefore moot. Accordingly, we vacate the judgment and remand to the district court with direction to dismiss the case as moot so that it will spawn no legal consequences.");[2] *Figueroa v. Rivera*, 147 F.3d

---

[1] *Accord* Melissa Brown, *Alabama prison deaths continue to rise in July*, Montgomery Advertiser, July 25, 2021: https://www.montgomeryadvertiser.com/story/news/2021/07/26/john-wilson-tracy-besselaar-die-alabama-prison/8051634002/ (last visited Nov. 15, 2021).

[2] On "October 1, 1981 pursuant to the Fifth Circuit Court of Appeals Reorganization Act of 1980, P.L. 96-452, 94 Stat. 1995, … the United States Court of Appeals for the Fifth Circuit was divided into two circuits, the Eleventh and the 'new Fifth.' " *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

77, 82 (1st Cir. 1998) ("Ríos's death during the pendency of his habeas petition rendered that action moot, and no earthly circumstance can revive it."). Accordingly, it is **RECOMMENDED** that this habeas action brought under 28 U.S.C. § 2254 (Doc. 1) be **DISMISSED without prejudice** as **MOOT**, that all pending motions therefore also be **DENIED** as **MOOT**, and that final judgment be entered accordingly in favor of the Respondent in accordance with Federal Rule of Civil Procedure 58.

In actions such as this one brought under § 2254, a "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts. "Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court." 28 U.S.C. § 2253(c)(1)(A). Where, as here, habeas relief is denied on procedural grounds without reaching the merits of the underlying constitutional claim(s), "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000). "A prisoner seeking a

---

"The Eleventh Circuit, in the *en banc* decision *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981." *Smith v. Shook*, 237 F.3d 1322, 1325 n.1 (11th Cir. 2001) (per curiam).

COA must prove something more than the absence of frivolity or the existence of mere good faith on his or her part." *Miller-El v. Cockrell*, 537 U.S. 322, 338, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003) (quotations omitted).[3] As reasonable jurists would at least not find it debatable whether the Court was correct in its procedural ruling dismissing Besselaar's petition as moot due to his death, the undersigned further **RECOMMENDS** that Besselaar be **DENIED** a Certificate of Appealability in conjunction with the dismissal of the present habeas petition.[4]

**DONE** this the 15th day of November 2021.

> */s/ Katherine P. Nelson*
> **KATHERINE P. NELSON**
> **UNITED STATES MAGISTRATE JUDGE**

---

[3] However, "a COA does not require a showing that the appeal will succeed." *Id.* at 337.

[4] Rule 11(a) of the Rules Governing Section 2254 further provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Any argument in favor of issuing a certificate of appealability may be made to the district judge in the objections permitted to this report and recommendation.

When a district court denies a certificate of appealability, the petitioner "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within 14 days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts; S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.